**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Jerry C. TRAYLOR, Respondent.**

**No. 99–SC–270–KB.**

Supreme Court of Kentucky.

June 17, 1999.

Bruce K. Davis, Executive Director, Barbara S. Rea, Jane H. Herrick, Kentucky Bar Association, Frankfort, KY, for complainant.

Robert E. Harrison, Scottsville, KY, for respondent.

## OPINION AND ORDER

The Kentucky Bar Association ("KBA") brought this action against Respondent, Jerry C. Traylor, after he was convicted of six federal felony counts. After a review of the case, the KBA Board of Governors recommended that Respondent be disbarred. Respondent failed to request, pursuant to SCR 3.370(7), that this Court review the Board's recommendation. Thus, pursuant to SCR 3.370(9), the recommendation of the Board of Governors is adopted by this Court and Respondent is hereby disbarred.

On March 2, 1993, Respondent and his co-defendants, Steven Blanton and Richard Roberson, were indicted on multiple counts of bank fraud, bank bribery, and conspiracy by a federal grand jury sitting in the Western District of Kentucky. *See* 18 U.S.C. § 371. The criminal offenses, as described in an unpublished opinion issued by the United States Court of Appeals for the Sixth Circuit, occurred in the following manner. Respondent and Blanton were principals in a company that purchased and sought to develop a 300 acre farm in Bowling Green, Kentucky. The pair approached one of Respondent's childhood friends, Roberson, who was then a senior loan officer at First Citizens Bank of Elizabethtown.

Roberson arranged for an initial loan of $2.2 million. Because of cash flow problems, Respondent and Blanton were unable to produce the down payment of $375,500. Having exceeded the bank's individual customer lending limit, they arranged for refinancing of the down payment in Respondent's mother's name. This loan was later transferred to a shell borrower to conceal its existence from the bank auditors. With the collaboration of Roberson, Respondent and Blanton procured six more nominee loans amounting to $1.5 million, thus circumventing the lending limits of the bank. Roberson received seven kickback payments totaling $324,000 for his part in the scheme.

Blanton and Roberson entered into plea agreements and testified on behalf of the government at Respondent's trial. For his defense, Respondent argued that the term "person" in the lending limit statute did not encompass a corporation; and that, if the term was so inclusive, Respondent was unaware of it and, presumably, lacked the requisite intent. On April 4, 1996, a jury convicted Respondent of one count of bank fraud and five counts of bank bribery. On the following day, April 5, 1996, Respondent was temporarily suspended from the practice of law by order of this Court.

On June 14, 1996, the Inquiry Tribunal of the KBA issued a two count charge against Respondent for the conduct resulting in the felony convictions. On September 9, 1996, Respondent filed an answer indicating his intention to deny the charges and seeking appointment of counsel to assist him in preparing his defense. Counsel was appointed, and on October 31, 1996, an answer was filed in which Respondent admitted the convictions yet denied his guilt. He asserted that he would prevail on appeal and that a new trial would result in his vindication. By order of January 3, 1997, the KBA Board of Governors placed in abeyance its consideration of the merits of Respondent's case pending the outcome of the appeal. The order also directed Respondent to file a report detailing the status of his appeal. Respondent followed these instructions, and periodic status reports were filed by his counsel.

On appeal, Respondent presented the same defenses that he had presented at trial. A three judge panel of United States Court of Appeals for the Sixth Circuit rejected those defenses, holding that Respondent's motive for defrauding the bank was irrelevant to the charge and that Kentucky's statutory definition of "person" indeed included corporations. The court also rejected Respondent's other arguments. On August 6, 1998, the Sixth Cir-

cuit affirmed Respondent's convictions. A petition for certiorari was filed on his behalf on October 22, 1998, and it was denied on November 30, 1998.

The KBA Board of Governors found that Respondent committed the offenses of bank fraud and bank bribery. For the criminal convictions that resulted from acts occurring through December 31, 1989, the Board found Respondent guilty of a violation of DR1–102(A)(3), (4) and (6), which provide in relevant part:

(A) A lawyer shall not . . .

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation . . .

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

(effective through Dec. 31, 1989). For Respondent's criminal conduct occurring after January 1, 1990, the Board found Respondent guilty of SCR 3.130–8.3, which provides in relevant part:

It is professional misconduct for a lawyer to . . .

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in all other respects.

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

By unanimous vote, the Board recommended that Respondent be disbarred.

Upon the foregoing facts and charges, it is ordered that the Board of Governors' recommendation of disbarment be adopted. It is further ordered that:

1. Respondent, Jerry C. Traylor, is hereby disbarred from the practice of law in Kentucky. The period of disbarment shall commence on the date of entry of this Order.

2. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $266.47, and for which execution may issue from this Court upon finality of this Opinion and Order.

3. Pursuant to SCR 3.390, Respondent shall, within ten (10) days from the entry of this Opinion and Order, notify in writing all courts in which he has matters pending and all clients of his inability to represent them, and to furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.

ENTERED; June 17, 1999.

/s/ Joseph E. Lambert
Chief Justice